## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 25 2018, 9:06 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Curtis T. Hill, Jr.
Attorney General

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Larry O. Wilder
Attorney at Law
Jeffersonville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

State of Indiana,

*Appellant-Plaintiff,*

v.

Keith W. Freeman,

*Appellee-Defendant*

October 25, 2018

Court of Appeals Case No.
18A-CR-818

Appeal from the Clark Circuit Court

The Honorable Joseph P. Weber, Judge

Trial Court Cause No.
10C03-1712-CM-2248

**Vaidik, Chief Judge.**

# Case Summary

[1] The State appeals the trial court's grant of Keith Freeman's motion to suppress in a prosecution for drunk driving. We affirm.

# Facts and Procedural History

[2] After a traffic stop in Jeffersonville early on the morning of December 2, 2017, the State charged Freeman with operating a vehicle while intoxicated endangering a person and operating a vehicle with an A.C.E. of at least .08 but less than .15. Freeman filed a motion to suppress all evidence obtained as a result of the stop, asserting that the Indiana State Trooper who stopped him (1) lacked reasonable suspicion to believe that he had committed a crime or traffic infraction and (2) prolonged the stop for an unreasonable amount of time. Freeman claimed violations of both the Fourth Amendment to the U.S. Constitution and Article 1, Section 11 of the Indiana Constitution. The trial court held a hearing at which it heard testimony from the trooper and arguments from the attorneys. The next day, the court granted the motion without explanation.

[3] The State now appeals.

# Discussion and Decision

[4] The State challenges the trial court's grant of Freeman's motion to suppress, but it does not dispute Freeman's contention that we must affirm the trial court's

unexplained decision if it can be sustained upon any legal theory consistent with the evidence. Appellee's Br. p. 8; *see also State v. Estep*, 753 N.E.2d 22 n.6 (Ind. Ct. App. 2001) (explaining that where trial court grants motion to suppress without making findings, "the general judgment standard is controlling, and this court will uphold the trial court's ruling under any theory the evidence supports"). Freeman argues that the trial court's decision can be sustained on the theory that the court "did not believe the officer's testimony regarding the alleged traffic infraction and found that the traffic stop was illegal." Appellee's Br. p. 10. We agree.

[5] At the suppression hearing, the trooper testified that he saw Freeman's vehicle go back and forth in its lane and cross over the center line and that this is the reason he pulled it over. Tr. pp. 6-7, 18-22. The State emphasizes this testimony, assuming that the trial court found it to be credible. But the record contains a variety of other evidence that put the trooper's credibility in question. First, in his written Probable Cause Affidavit from the day of the traffic stop, the trooper stated that he "observed the vehicle drift **completely** into the opposing lane of traffic[.]" Appellant's App. Vol. II p. 8 (emphasis added). At the hearing, however, the trooper testified that Freeman "traveled **barely** into the left of center." Tr. p. 6 (emphasis added). Also in his Probable Cause Affidavit, the trooper wrote that Freeman "had to pull himself to get out; he staggered from the vehicle, and had to touch the vehicle several times to keep his balance." Appellant's App. Vol. II p. 8. On State Form 44213 ("Affidavit for Probable Cause"), however, the trooper did not check the boxes for

staggering from the vehicle, leaning against the vehicle, or pulling oneself from the vehicle.  *Id.* at 11.  When asked whether "the truth is two different things according to two different documents right now," the trooper admitted, "Yes." Tr. p. 33.

[6]   In its reply brief, the State asserts that Freeman "did not raise a credibility challenge to the trooper's testimony below" and "accepted [that testimony] as true when making his legal arguments to the trial court."  Appellant's Reply Br. p. 5.  That is incorrect.  During his closing argument, Freeman's attorney repeatedly challenged the trooper's testimony:

> **If he thought he crossed center line,** enough is to [sic] write him a ticket for crossing center line. . . . Judge we believe that what's happening now is **these are mere excuses to stop people to ask them have you been drinking** . . . .  We believe that he was [subject] to potentially having a ticket written for crossing left of center **if in fact that happened**[.]

Tr. pp. 54-55 (emphasis added).

[7]   Because there is evidence in the record to support the conclusion that the trial court did not believe the trooper's testimony about the reason for the traffic stop, we affirm the grant of Freeman's motion to suppress.

[8]   Affirmed.


Riley, J., and Kirsch, J., concur.